**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 15 2005**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

NATIONAL INTERSTATE
INSURANCE COMPANY,

Plaintiff-Appellant,

v.

KIEFER PHILLIPS, a minor by and
through his Parents and Natural
Guardians, ROBIN PHILLIPS and
JOE PHILLIPS; ROBIN PHILLIPS,
individually, and JOE PHILLIPS,
individually,

Defendants-Appellees.

No. 03-6323
(D.C. No. CV-03-87-L)
(W.D. Okla.)

---

**ORDER AND JUDGMENT** *

---

Before **ANDERSON** and **BALDOCK** , Circuit Judges, and **MARTEN** ,** District
Judge.

---

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

---

* This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

** The Honorable J. Thomas Marten, District Judge, United States District
Court for the District of Kansas, sitting by designation.

argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

In this diversity case, plaintiff National Interstate Insurance Company (National Interstate) sought a declaratory judgment concerning its responsibility to pay uninsured motorist benefits. Specifically, National Interstate sought a declaration that under Florida law it had no liability for uninsured motorist benefits. Considering cross motions for summary judgment, the district court granted summary judgment in favor of plaintiffs Kiefer Phillips, a minor, and Robin and Joe Phillips, his parents (the Phillips), finding that Oklahoma law applied and that uninsured motorist coverage therefore was required. We review the grant of summary judgment de novo, evaluating whether there is a genuine issue of material fact or whether the Phillips are entitled to summary judgment as a matter of law. *See Anderson v. Coors Brewing Co.*, 181 F.3d 1171, 1175 (10th Cir. 1999). In making this review, we view the evidence in the light most favorable to National Interstate. *See id.* Applying this standard, we affirm.

The material facts are undisputed. Kiefer and Robin Phillips, Oklahoma residents, were injured when a motor home driven by Charmaine Hogan, grandmother and mother of the two respectively, overturned. Ms. Hogan and her husband are, and always have been, Oklahoma residents. At the time of the accident, National Interstate insured the motor home. The Hogans had obtained

the insurance from a National Interstate agent in Florida, after learning the National Interstate insurance was cheaper than the coverage they had with another insurance company. The Hogans inquired about National Interstate's rates by telephone from their home in Oklahoma. In order to obtain the insurance, Ms. Hogan got a Florida driver's license, and the Hogans temporarily registered and tagged their motor home in Florida. Mr. Hogan did not get a Florida driver's license. The Hogans signed the insurance application in Oklahoma and mailed it to Florida. They provided a Florida garaging address for the motor home on the application. National Interstate issued the policy to the Hogan's Oklahoma address and sent the policy and all premium notices there. At all times, the motor vehicle was in Oklahoma more than it was in Florida, and the Hogans had no residence in Florida. At the time of the accident, the motor home bore Oklahoma tags. After the accident, National Interstate provided Oklahoma coverage for the Hogans' replacement motor home.

Also after the accident, National Interstate paid its $1,000,000 liability limit. It then brought this declaratory judgment action seeking a determination that it was not liable for $250,000 in uninsured motorist benefits under Florida law. National Interstate moved for summary judgment arguing that Florida uninsured motorist law applies. The Phillips countered in their summary judgment motion that under Oklahoma law they were not only entitled to liability

benefits, but also uninsured motorist benefits.  Granting the Phillips's motion for summary judgment, the district court held that Oklahoma law applied to the insurance policy and that under Oklahoma law the Phillips were entitled to judgment as a matter of law.

The parties agree that the district court correctly applied Oklahoma choice-of-law principles.  *See* Aplt. Br. at 2, 6; Aplee. Br. at 15; *see also BancOklahoma Mortgage Corp. v. Capital Title Co.*, 194 F.3d 1089, 1103 (10th Cir. 1999) (applying forum state's choice-of-law rules in diversity case). National Interstate, however, disagrees with the district court's determination that under Oklahoma conflict-of-law principles Oklahoma, rather than Florida, law controls the outcome of this case.  We review the district court's state-law determination de novo.  *See Wood v. Eli Lilly & Co.*, 38 F.3d 510, 512 (10th Cir. 1994).

The pertinent Oklahoma choice-of-law principle is that "where a contract does not indicate a place of performance, the doctrine [of *lex loci contractus*] applies, [meaning that] the law of the place where the contract is made governs its interpretation."  *Rhody v. State Farm Mut. Ins. Co.*, 771 F.2d 1416, 1417 (10th Cir. 1985); *see also* Okla. Stat. tit. 15, § 162 ("A contract is to be interpreted according to the law and usage of the place where it is to be performed, or, if it does not indicate a place of performance, according to the law and usage of the

place where it is made."); *Bohannan v. Allstate Ins. Co.*, 820 P.2d 787, 796 n.5, 797 (Okla. 1991) (applying *lex loci contractus* rule when it protects law of forum and rights of parties). The parties agree that the insurance policy does not state a place of performance. Because no place of performance is stated, the law of the state where the policy was made governs eligibility for uninsured motorist benefits. *See Rhody*, 771 F.2d at 1420.

National Interstate contends the contract was made in Florida; whereas the Phillips contend it was made in Oklahoma. Like the district court, we can easily conclude that the contract was made in Oklahoma. Oklahoma has always been the Hogans' home. They requested insurance information over the telephone from their home in Oklahoma. They signed the insurance application in Oklahoma. National Interstate sent the application, the policy and all premium notices to the Hogans in Oklahoma. Thus, Oklahoma law governs whether the Phillips are entitled to uninsured motorist coverage. [1]

---

[1] Oklahoma recognizes that application and effect of a motor vehicle insurance policy will not be determined according to the laws of the state where the contract was made if the insurance "provisions are contrary to the public policy of Oklahoma," or if "the facts demonstrate that another jurisdiction has the most significant relationship with the subject matter and the parties." *Bohannon*, 820 P.2d at 797. Here, even if the *lex loci contractus* doctrine did not decide that Oklahoma law controls in this case, the most significant relationship test does so. *See id.* at 796 n.5.

(continued...)

We reject National Interstate's argument that the Hogans' motivation to obtain Florida insurance because the rates were lower shows that the insurance contract was made in Florida. Their desire for cheaper insurance does not negate the conclusion that the parties made the contract in Oklahoma.[2] Nor is temporarily registering the motor home in Florida, obtaining a Florida driver's license or stating an intent to garage the motor vehicle in Florida enough to show the contract was not made in Oklahoma.

We also agree with the district court that under Okla. Stat. tit. 36, § 3636(A)[3] the Phillips are entitled to Oklahoma uninsured motorist coverage

---

[1](...continued)

National Interstate argues Kiefer Phillips' residency and place of medical treatment, items mentioned by the district court, are irrelevant to the most significant relationship test. Instead, National Interstate maintains that the significant relationship question concerns only the Hogans. Assuming without deciding that this argument is correct, we conclude Oklahoma still has the most significant relationship based on the facts set forth above.

[2] As it turns out, Oklahoma insurance from National Interstate would have been cheaper than Florida insurance.

[3] Section 3636(A) provides:

No policy insuring against loss resulting from liability imposed by law for bodily injury . . . suffered by any person arising out of the ownership, maintenance or use of a motor vehicle shall be issued, delivered, renewed, or extended in this state with respect to a motor vehicle registered or principally garaged in this state unless the policy includes the coverage described in subsection B of this section.

(continued...)

-6-

because the motor home was "registered or principally garaged in" Oklahoma. Despite a contrary representation on the insurance application, the motor home was actually principally garaged in Oklahoma at all times. The Hogans informed National Interstate's agent that their address was in Oklahoma, they spent only a few months each year in Florida, and the motor home would be in Oklahoma more often than in Florida. And at the time of the accident, the motor home was registered in Oklahoma. In addition, the Phillips are entitled to uninsured motorist coverage because the policy was "delivered" in Oklahoma. *See id.*

The judgment of the district court is AFFIRMED.

Entered for the Court


J. Thomas Marten
District Judge

---

[3](...continued)
Also, Okla. Stat. tit. 36, § 3636(C) provides that an "uninsured motor vehicle" "include[s] an insured motor vehicle, the liability limits of which are less than the amount of the claim of the person or persons making such claim, regardless of the amount of coverage of either of the parties in relation to each other."